UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
    Angela M. Neubert,

           Debtor.
_____/

Chapter 7  
Case Number: 20-30771-jda  
Hon. Joel D. Applebaum

**OPINION DENYING TRUSTEE'S MOTION TO COMPEL TURNOVER OF FUNDS RECEIVED FROM FIDELITY INVESTMENTS RELATED TO <u>THE ESTATE OF CAROL J. FOURNIER</u>**

**Introduction**

Debtor, Angela Neubert, was named as one of four beneficiaries of her mother's investment retirement account ("IRA") with Fidelity Investments ("Fidelity") pursuant to an IRA Beneficiary Designation signed by Debtor's mother. Debtor's mother died and money was transferred by Fidelity to Debtor within 180 days after Debtor filed her bankruptcy case. The chapter 7 trustee (the "Trustee") moves to compel Debtor to turn over the funds she received pursuant to § 541(a)(5)(A) of the Bankruptcy Code arguing Debtor received the money "by bequest, devise, or inheritance . . . ," or § 541(a)(5)(C), arguing Debtor was a "beneficiary of . . . a death benefit plan." Because Debtor did not receive the funds from the Fidelity IRA "by bequest, devise, or inheritance . . ." and Debtor was not a "beneficiary of . . . a death benefit plan," the Trustee's Motion is DENIED.

**Jurisdiction**

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(E) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

1

**Factual Background**

The facts in this matter are not in dispute. Debtor filed her bankruptcy case on March 25, 2020. On July 12, 2020, Debtor's mother, Carol Fournier, died. At the time of her death, Ms. Fournier had an IRA with Fidelity [Dkt. Nos. 35, 37]. Ms. Fournier executed an IRA Beneficiary Designation dated June 30, 2004, naming Debtor and her three siblings as beneficiaries on the account [Dkt. Nos. 36, 38]. Debtor's 25% share of the IRA totaled approximately $100,000, which Debtor received within 180 days following her bankruptcy filing.

**Procedural History**

On or around August 3, 2020, Debtor's counsel notified the Trustee of the Fidelity IRA and Debtor's mother's death, and discussions ensued about the status of the funds and whether they constituted property of Debtor's estate. On August 14, 2020, the United States Trustee filed a motion to reopen the bankruptcy case to allow the Trustee to administer the funds received by Debtor from her mother's IRA [Dkt. No. 16], which the Court granted on the same day [Dkt. No. 17]. On September 8, 2020, the Trustee filed his Motion to Compel Turnover of Funds Received from Fidelity Investments Related to the Estate of Carol J. Fournier [Dkt. No. 23]. A perfunctory objection was filed by Debtor on September 22, 2020 [Dkt. No. 25] and a hearing held on October 7, 2020. At the conclusion of the hearing, the Court ordered Debtor to file a supplemental brief and invited, but did not require, the Trustee to file a response. Debtor's brief was filed on October 21, 2020 [Dkt. No. 30]. The Trustee elected to file a response on October 23, 2020 [Dkt. No. 31]. A second hearing was held on November 18, 2020. At the Court's request, supplemental exhibits were filed on November 18, 2020 [Dkt. Nos. 35-38], at which time the Court took this matter under advisement.

**Legal Analysis**

The Trustee maintains that the funds received from Debtor's mother's IRA constitute property of the estate under 11 U.S.C. §§ 541(a)(5)(A) and (C), which provide:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date –
>
> (A) by bequest, devise, or inheritance;
>
> (C) is a beneficiary of a . . . death benefit plan.

In the absence of controlling federal law, property interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 55 (1979). The terms "bequest, devise, or inheritance" as used in §541(a)(5)(A) are not defined in the Bankruptcy Code and, therefore, must be analyzed under state law. *Williamson v. Hall* (*In re Hall)*, 441 B.R. 680, 687 (BAP 10th Cir. 2009); *In re Rogove*, 443 B.R. 182, 187 (Bankr. S.D. Fla. 2010). The word "devise" is defined in the Estates and Protected Individuals Code ("EPIC") to mean, "when used as a noun, *a testamentary disposition of real or personal property* and, when used as a verb, *to dispose of real or personal property by will*." MCL §700.1103(l) (emphasis added). "Will," in turn, "includes, but is not limited to, a codicil and a testamentary instrument . . . ." MCL §700.1108(b).

Although EPIC does not define the terms "bequest" or "inheritance," when interpreting an undefined statutory term,

> the term 'must be accorded its plain and ordinary meaning.' Consulting a lay dictionary is proper when defining common words or phrases that lack a unique legal meaning, but when the statutory term is a legal term of art, the term 'must be

construed in accordance with its peculiar and appropriate legal meaning . . .' and, therefore, resort to a legal dictionary to determine its meaning is appropriate.

*Farris v. McKaig*, 920 N.W.2d 377, 379-380 (Mich. Ct. App. 2018) (internal citations omitted).

Black's Law Dictionary is frequently used by Michigan and other courts to determine the appropriate legal meaning of terms in EPIC and similar state statutes. *See e.g., Pavka v. Null (In re Estate of Guise)*, 2019 WL 3312814, *5 (Mich. Ct. App. July 23, 2019); *Rohn v. Cline (In re Martens Trust)*, 2012 WL 6049681, *2 (Mich. Ct. App. November 29, 2012). *Accord Ellis v. Vetsch (In re Vetsch)*, 2020 WL 5188122, *4 (Bankr. W.D. Wash. August 31, 2020); *In re Rogove*, 443 B.R. 182, 187 (S.D. Fla. 2010); *In re Hall*, 394 B.R. 582, 594 (Bankr. D. Kan. 2008), *aff'd*, 441 B.R. 680 (BAP 10th Cir. 2009).

According to Black's Law Dictionary (11th ed. 2019), "*bequest*" is "[t]he act of giving property (usu. personal property or money) by will . . . . The money or other property that a person arranges to give to someone or an organization upon death; esp., property (usu. personal property or money) disposed of in a will." "*Inheritance*" is defined as "[p]roperty received from an ancestor under the laws of intestacy. . . . Property that a person receives by bequest or devise."

Applying these definitions to this case, to become property of the estate under §541(a)(5)(A) of the Bankruptcy Code, Debtor must have received the funds from her mother's IRA as part of a testamentary disposition or by intestate succession. That did not occur here. Under EPIC, a "transfer on death resulting from a registration in beneficiary form *is effective by reason of contract* . . . and is *not testamentary*." MCL §700.6309(1) (emphasis added). *See also* MCL §700.6101(1) ("A provision for a nonprobate transfer on death in an . . . individual retirement plan . . . is nontestamentary.") Because the money was distributed from her mother's IRA by contract, not by testamentary disposition, Debtor's receipt of the money was not by bequest or devise. Similarly, because the money was distributed by contract, not through

4

intestate succession, Debtor's receipt of the money was not by inheritance. Therefore, §541(a)(5)(A) is not applicable and the funds received by Debtor from her mother's IRA pursuant to the Beneficiary Designation did not become property of the estate. This conclusion is in accord with the decisions from other jurisdictions that have directly addressed this issue under similar state statutes. *See e.g., In re Rogove*, 443 B.R. 182, 187 (S.D. Fla. 2010); *In re Hall*, 394 B.R. 582, 594 (Bankr. D. Kan. 2008), *aff'd*, 441 B.R. 680 (BAP 10th Cir. 2009).

The Trustee argues that the IRA at issue here is a "Totten trust." *See In re Totten*, 71 N.E. 748 (N.Y. 1904). According to the Trustee, a Totten trust is a testamentary instrument. Testamentary instruments constitute "wills" under MCL §700.1108(b) and, therefore, Debtor received the funds by bequest, devise or inheritance. Some courts apparently view Totten trusts as testamentary instruments, while others do not. *Compare Moore v. Moore (Estate of Morton),* 769 P.2d 616, 620 (Kan. 1987) with *Brown v. Hermann*, 551 F.Supp. 201, 202 (N.D. Ca. 1982). It is unnecessary to address how Michigan courts might decide this issue because the IRA here is not a Totten trust. Rather, both parties recognize that the IRA is a payable on death account. *See Estate of Meddie Allen Brown v. Farmer (In re Estate of Brown)*, 2020 WL 1815771, *6 (Mich. Ct. App. April 9, 2020) (construing similar Fidelity account). "While Totten trusts and P.O.D. [payable on death] accounts are similar in that they have the same effect, they are distinguishable in that P.O.D. accounts are based on contract, rather than trust principals." *Moore v. Moore (Estate of Morton),* 769 P.2d at 620. In this case, Debtor received her distribution because of the Beneficiary Designation in her mother's IRA. Under EPIC, a transfer on death under a Beneficiary Designation "is effective by reason of contract . . . and is not testamentary." MCL §700.6309(1). Therefore, contrary to the Trustee's assertion, the Beneficiary Designation in Debtor's mother's IRA is not a testamentary instrument. Rather, Debtor received the funds by

5

reason of the contract between Debtor's mother and Fidelity, and not by bequest, devise, or inheritance.

The funds received from Debtor's mother's IRA are also not property of the estate under § 541(a)(5)(C) because Debtor was not a "beneficiary of . . . a death benefit plan." Although the term "death benefit plan" is also not defined in the Bankruptcy Code, Black's Law Dictionary (11th ed. 2019) defines a survivor-income benefit plan, "also termed a death-benefit-only plan," as an "agreement between an employer and an employee whereby the employer agrees that if the employee dies before retirement, the employer will pay a specified or determinable amount to the employee's spouse or other designated beneficiary." *See e.g., In re Selfe*, 260 B.R. 463, 465 (Bankr. E.D. Mo. 2001) ("an employee's interest under a death benefit plan, usually arises pursuant to a formal/written plan, which is created and administered by the employer. The employer funds the plan and determines the employee's rights under the plan."). Such agreements may also be between an employee and his or her union's pension fund, *see e.g. Steamship Trade Ass'n International Longshoremen's Ass'n, (AFL-CIO) Benefits Trust Fund v. Bowman*, 247 F.3d 181, 184 (4th Cir. 2001) ("Payment of Death Benefit – The Plan will pay the Death Benefit in the amount shown in the Benefit Schedule . . . to your beneficiary if you die from any cause while covered by the Plan."), or an employee and his or her voluntary employee association. *See e.g., Hartley v. Detroit Police Benefit & Protective Ass'n*, 1999 WL 33454995 (Mich. Ct. App. February 2, 1999). Regardless of the identity of the plan sponsor, a death benefit plan provides a benefit connected to or arising out of one's employment. An IRA, by contrast, can be established by anyone and is not tethered to employment. In fact, Debtor's mother's IRA was opened only after Debtor's mother retired. [Dkt. No. 35, p.3]. Because Debtor's mother's IRA was not part of a death benefit plan within the meaning of

§ 541(a)(5)(C), the distribution from Debtor's mother's IRA did not become property of the estate.

## Conclusion

Based upon the forgoing, the Trustee's Motion to Compel Turnover of Funds Received from Fidelity Investments Related to the Estate of Carol J. Fournier is DENIED.

**Signed on November 25, 2020**



/s/ Joel D. Applebaum
_____
**Joel D. Applebaum
United States Bankruptcy Judge**